# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8120 | **DATE** | OCT. 3, 2002 |
| **CASE TITLE** | JAKE M. ETHERIDGE v. UNITED STATES ARMY, THOMAS E. WHITE, Secretary of Army | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to dismiss or for summary judgment [13-1,2] is denied. All discovery is to be completed by January 17, 2003. Status hearing is set for October 30, 2002 at 11:00 a.m.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | 2 number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | OCT 0 4 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 23 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 OCT -3 PM 4:40 | 10/3/2002 date mailed notice | |
| cw | courtroom deputy's initials | Date/time received in central Clerk's Office | MQM mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAKE M. ETHERIDGE,  )
        Plaintiff,  )
  v.  ) No. 01 C 8120
UNITED STATES ARMY,  )
THOMAS E. WHITE, Secretary  )
of Army,  )
        Defendant.  )

DOCKETED
OCT 04 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff Jake Etheridge is employed as a lock and dam operator for the Department of the Army. In his *pro se* complaint, plaintiff alleges that he was denied promotions because of his color. In the administrative decision attached to his complaint, it is stated that plaintiff is Black. Defendant has moved for summary judgment dismissing plaintiff's claims as untimely.[1]

As required by Local Rule 56.1(a)(3), defendant provided a statement of facts. In accordance with Local Rule 56.2,

---

[1] Plaintiff used the court's form complaint for employment discrimination. Paragraph 11 of the form alleges jurisdiction under all the possible statutes applicable to the various types of employment discrimination covered by the form. The "color" box that is checked in ¶ 9 of the form complaint, refers to both Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*) and 42 U.S.C. § 1981. Since § 1981 does not apply to the federal government, the complaint is construed as only containing claims under Title VII.

23

defendant also advised pro se plaintiff regarding summary judgment procedures. However, plaintiff did not provide a paragraph-by-paragraph response as required by Local Rule 56.1(b)(3), nor did he provide an affidavit supporting his contentions. In defendant's reply, though, defendant does not object to the form of plaintiff's response and this court has discretion as to how strictly to enforce its local rules. See Bordelon v. Chicago School Reform Board of Trustees, 233 F.3d 524, 527 (7th Cir. 2000); Dade v. Sherwin-Williams Co., 128 F.3d 1135, 1140 (7th Cir. 1997); Alek v. University of Chicago Hospitals, 2002 WL 1332000 *2 (N.D. Ill. June 17, 2002); Ogborn v. United Food & Commercial Workers, Local No. 881, 2000 WL 1409855 *2-3 (N.D. Ill. Sept. 25, 2000), aff'd, ___ F.3d ___, 2002 WL 31133375 (Sept. 27, 2002); Gabriel v. City of Chicago, 9 F. Supp. 2d 974, 975 n.2 (N.D. Ill. 1998). As does defendant, the court will take plaintiff's representations as true.[2]

Plaintiff has been employed as a lock and dam operator for the Army Corps of Engineers since 1986. He brought an administrative EEO complaint alleging that, in September 1999 and earlier, he had been denied promotions because of his race. A final decision was issued dated July 9, 2001. That decision also included notice that plaintiff had 90 days in which to file a

---

[2]Plaintiff has also provided materials supporting his allegations of discrimination. However, the only issue raised on summary judgment is the timeliness of the Title VII claims. The merits of the claims will not be addressed.

lawsuit in federal district court. The federal action is to be filed within 90 days of receipt of the notice of the final decision. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(a); Robbins v. Bentsen, 41 F.3d 1195, 1198 (7th Cir. 1994); Bell v. Potter, 2001 WL 1636888 *3 (N.D. Ill. Dec. 20, 2001); Mirza v. Department of Treasury, 875 F. Supp. 513, 520 (N.D. Ill. 1995).

On July 16, 2001, notice of the Department's final decision was sent out via certified mail. Defendant has provided a copy of the certified mail receipt signed by plaintiff on Saturday, July 21, 2001. In court, plaintiff contended that the actual receipt was at a later time. Initially, plaintiff provided a copy of an attempted delivery notice dated July 19, 2001. Plaintiff contends this shows that the final decision was actually delivered at a later date. Defendant, however, does not contend the final decision was received on July 19; defendant contends it was received on July 21. In his supplemental response, plaintiff does not attempt to dispute the July 21 receipt date. Ninety days after July 21 was Friday, October 19, 2001. The complaint in this action was filed on Monday, October 22, 2001.

Plaintiff contends he attempted to file his complaint on October 19, 2001. For present purposes, these representations will be taken as true. Plaintiff states that, near the end of the day on October 19, he arrived at the District Court Clerk's Office to file his complaint. However, he was informed that he did not have enough copies of the complaint. Plaintiff started

to make copies, apparently at the public photocopier in the Clerk's Office. Before plaintiff could complete the copying, he was told the office was closing and was politely asked to leave. Then, according to plaintiff, "I was told that I could validate the documents I had at the validation box in the hall to date my documents." Plaintiff provides a copy of a notice of lawsuit date stamped October 19, 2001 at 4:41 p.m. Plaintiff went elsewhere to finish the photocopying and returned on Monday, October 22 to file the complaint.

The scheduled closing time for the Clerk's Office on October 19, 2001 was 4:30 p.m. A drop box was located on the first floor of the Courthouse at which documents could be filed until at least 6:00 p.m. and sometimes later, depending on when the security officers actually lock the doors of the Courthouse. Photocopy services are located near the Courthouse. There would have been sufficient time to make copies and return to file the complaint by 6:00 p.m.

Local Rule does not preclude the filing of documents that are not proper in form or which lack the requisite number of copies. Instead, such documents are to be accepted by the Clerk's Office, subject to being subsequently stricken by the court. See Local Rule 5.2(b). This is fully consistent with Fed. R. Civ. P. 5(e), which provides: "The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by

these rules or any local rules or practices."[3] On the present motion, it must be assumed that plaintiff was misinformed that (a) pleadings could not be accepted that lacked sufficient copies and (b) stamping a document at the drop box would constitute filing as of that time even if the documents were not left in the drop box.

Plaintiff's complaint was due on October 19, 2001. If not filed until October 22, 2001, it is untimely, even though only one business day late. See United States v. Locke, 471 U.S. 84, 100 (1985); United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir.), cert. denied, 531 U.S. 878 (2000); Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984) (quoting Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980)). If filed on October 22, plaintiff's complaint can only be timely if equitable tolling applies.[4] "Equitable tolling excuses an untimely filing

---

[3] The Clerk should not decline to accept documents that are tendered for filing. The Clerk, though, is not precluded from advising a litigant that the filing is deficient in form and leaving it to the litigant to decide if he or she would rather correct the deficiency before actually filing the document. See Transamerica Corp. v. National Union Fire Ins. Co. of Pittsburgh, Pa., 143 F.R.D. 189, 190 (N.D. Ill. 1992). On the present motion, it cannot be assumed that it was purely plaintiff's decision to make the corrections in form before filing the complaint.

[4] The statute of limitations is an affirmative defense. Contrary to defendant's contention, facts supporting equitable tolling need not be pleaded in the complaint. In the present case, the statute of limitations issues may only be appropriately raised on summary judgment, not on a motion to dismiss. See Leavell v. Kieffer, 189 F.3d 492, 494 (7th Cir. 1999); Luckett v. Rent-A-Center, Inc., 53 F.3d 871, 873 (7th Cir.), cert. denied, 516 U.S. 965 (1995); Tregenza v. Great American Communications Co., 12 F.3d 717, 718 (7th Cir. 1993), cert. denied, 511 U.S. 1085 (1994).

when a petitioner could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time. . . . [E]quitable tolling will apply only to exceptional cases, regardless of how minimal the delay in filing." Wilson v. Battles, 302 F.3d 745, ___ (7th Cir. Sept. 10, 2002). Equitable tolling is to be measured by the expected conduct of a reasonable person in the plaintiff's situation. Mitchell v. Donchin, 286 F.3d 447, 451 (7th Cir. 2002); Jackson v. Rockford Housing Authority, 213 F.3d 389, 396 (7th Cir. 2000); Hentosh v. Herman M. Finch University of Health Sciences, 167 F.3d 1170, 1174 (7th Cir. 1999). "Equitable tolling 'often focuses on the plaintiff's excusable ignorance of the limitations period and on the lack of prejudice to the defendant.'" Hentosh, 167 F.3d at 1174 (quoting Wheeldon v. Monon Corp., 946 F.2d 533, 537 (7th Cir. 1991) (quoting Mull v. ARCO Durethene Plastics, Inc., 784 F.2d 284, 291 (7th Cir. 1986))).

Being misled by the court or court employees can be a basis for applying equitable tolling. See Jarrett v. US Sprint Communications Co., 22 F.3d 256, 260 (10th Cir.), cert. denied, 513 U.S. 951 (1994). However, the conduct of the court employees must actually affect the plaintiff's conduct and must be viewed in light of other information provided to the plaintiff. See id. at 260 (being denied in forma pauperis status without being expressly told that the fee then must be paid was not sufficient to support equitable tolling); Davis v. Browner, 113 F. Supp. 2d

1223, 1227-28 & n.6 (N.D. Ill. 2000) (information in notice from EEOC overrode any inconsistent information from a clerk's office employee; advice received from clerk's office employees after the complaint was filed could not have affected the date the complaint was filed).

It has also been held that a Clerk's office employee's improper refusal to accept a complaint is a basis for deeming the complaint to have been timely filed on the date it was tendered for filing. Robinson v. Doe, 272 F.3d 921, 922-23 (7th Cir. 2001), cert. denied, 122 S. Ct. 1976 (2002); Rodriguez-Roman v. Immigration & Naturalization Service, 98 F.3d 416, 423 (9th Cir. 1996); Forelaws on Board v. Johnson, 743 F.2d 677, 680 (9th Cir. 1984), cert. denied, 478 U.S. 1004 (1986); Burnhope v. National Mortgage Equity Corp., 1987 WL 20131 (N.D. Ill. Nov. 13, 1987).

On the facts before the court, it must be assumed that, on October 19, 2001, plaintiff tendered his complaint for filing and that a Clerk's Office employee refused to accept it because it lacked sufficient copies. Under the Federal Rules of Civil Procedure and case law, the complaint is deemed to have been filed when tendered on October 19, 2001. Cf. Burnhope, supra. Therefore, plaintiff's complaint is not untimely. Alternatively, the facts support that pro se plaintiff was affirmatively misled by Clerk's Office employees and therefore equitable tolling justifies being one day late, a delay that did not prejudice defendant.

IT IS THEREFORE ORDERED that defendant's motion to dismiss or for summary judgment [13-1,2] is denied. All discovery is to be completed by January 17, 2003. Status hearing is set for October 30, 2002 at 11:00 a.m.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 3, 2002