
# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 8120 | DATE | JANUARY 10, 2005 |
| CASE TITLE | JAKE M. ETHERIDGE v. UNITED STATES ARMY, and THOMAS E. WHITE, Secretary of Army | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion for summary judgment [27-1] is granted. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing plaintiff's cause of action with prejudice. If plaintiff wishes to appeal this order, he must file a Notice of Appeal to the U. S. Court of Appeals for the Seventh Circuit with the Clerk of the Court, U. S. District Court for the Northern District of Illinois, 219 S. Dearborn Street, 20th Floor, Chicago, Illinois 60604, within sixty (60) days of the entry of the judgment in this case.

(11) ■ **[For further detail see attached Memorandum Opinion and Order.]**

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 11 2005 | |
| | Notified counsel by telephone. | | date docketed | 40 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| cw | courtroom deputy's initials | Date/time received in central Clerk's Office | Jan. 10, 2005 date mailed notice | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAKE M. ETHERIDGE,            )
                              )
           Plaintiff,         )
                              )
     v.                       )   No. 01 C 8120
                              )
UNITED STATES ARMY and        )
THOMAS E. WHITE, Secretary    )
of the Army,                  )
                              )
           Defendants.        )



## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Jake Etheridge is currently a civilian employee of defendant United States Army. Also named as a defendant is Thomas White, the Secretary of the Army. Since 1986, plaintiff has been employed as a Lock and Dam Operator for the Army Corps of Engineers. Plaintiff alleges that, in 1999 and earlier, he was denied one or more promotions because of being Black. Defendants have moved for summary judgment.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. Turner v. J.V.D.B. & Associates, Inc., 330 F.3d 991, 994-95 (7th Cir. 2003); Palmer v. Marion County, 327 F.3d 588,



592 (7th Cir. 2003); Abrams v. Walker, 307 F.3d 650, 653-54 (7th Cir. 2002). The burden of establishing a lack of any genuine issue of material fact rests on the movant. Outlaw v. Newkirk, 259 F.3d 833, 837 (7th Cir. 2001); Wollin v. Gondert, 192 F.3d 616, 621-22 (7th Cir. 1999). The nonmovant, however, must make a showing sufficient to establish any essential element for which he will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Binz v. Brandt Construction Co., 301 F.3d 529, 532 (7th Cir. 2002); Traylor v. Brown, 295 F.3d 783, 790 (7th Cir. 2002). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. Celotex, 477 U.S. at 324. Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. See NLFC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 236 (7th Cir.), cert. denied, 515 U.S. 1104 (1995); Covalt v. Carey Canada, Inc., 950 F.2d 481, 485 (7th Cir. 1991); Collins v. Associated Pathologists, Ltd., 844 F.2d 473, 476-77 (7th Cir.), cert. denied, 488 U.S. 852 (1988). As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Logan v. Commercial Union Ins. Co., 96 F.3d 971, 978 (7th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d

> 265 (1986) (citation and internal quotation
> omitted)). The moving party may discharge this
> burden by "'showing'--that is, pointing out to
> the district court--that there is an absence of
> evidence to support the nonmoving party's case."
> Celotex, 477 U.S. at 325, 106 S. Ct. 2548. Once
> the moving party satisfies this burden, the
> nonmovant must "set forth specific facts showing
> that there is a genuine issue for trial." Fed.
> R. Civ. P. 56(e). "The nonmovant must do
> more, however, than demonstrate some factual
> disagreement between the parties; the issue
> must be 'material.'" Logan, 96 F.3d at 978.
> "Irrelevant or unnecessary facts do not preclude
> summary judgment even when they are in dispute."
> Id. (citation omitted). In determining whether
> the nonmovant has identified a "material"
> issue of fact for trial, we are guided by the
> applicable substantive law; "[o]nly disputes
> that could affect the outcome of the suit under
> governing law will properly preclude the entry of
> summary judgment." McGinn v. Burlington Northern
> R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996)
> (citation omitted). Furthermore, a factual
> dispute is "genuine" for summary judgment
> purposes only when there is "sufficient evidence
> favoring the nonmoving party for a jury to return
> a verdict for that party." Anderson v. Liberty
> Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505,
> 91 L. Ed. 2d 202 (1986). Hence, a "metaphysical
> doubt" regarding the existence of a genuine fact
> issue is not enough to stave off summary
> judgment, and "the nonmovant fails to demonstrate
> a genuine issue for trial 'where the record taken
> as a whole could not lead a rational trier of
> fact to find for the non-moving party . . . .'"
> Logan, 96 F.3d at 978 (quoting Matsushita Elec.
> Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S.
> 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538
> (1986)).

Outlaw, 259 F.3d at 837.

As required by Seventh Circuit precedent, see id. at 841, and Local Rule 56.2, defendants provided plaintiff with notice as to the requirements for responding to a summary judgment motion.

That notice, which complies with the form of notice set forth in Local Rule 56.2, advised plaintiff of the Local Rule 56.1 requirement that plaintiff provide a paragraph-by-paragraph response to defendants' Local Rule 56.1(a)(3) statement of facts. Plaintiff was also advised as to the appropriate form for a declaration from plaintiff or other witnesses. Although adequately advised as to the appropriate method for responding to a motion for summary judgment, plaintiff does not provide a response to defendants' Rule 56.1 statement of facts and no factual assertion of plaintiff is supported by an affidavit or declaration.[1] This is not the first time plaintiff has done this. Earlier in this case defendants moved for summary judgment on timeliness grounds. At that time defendants also provided the notice required by Local Rule 56.2. The opinion denying that motion for summary judgment noted the deficiencies in plaintiff's response, but, because the facts were simple and defendants did not object to the form of plaintiff's submission, the court exercised its discretion to not strictly enforce the Local Rule or the requirement of an affidavit or declaration. See Etheridge v. United States Army, 2002 WL 31248473 *1 (N.D. Ill. Oct. 4, 2002). See also Koszola v. Board of Education of City of Chicago, 385 F.3d 1104, 1109 (7th Cir. 2004); Stanciel v.

---

[1] Plaintiff submits some documents from his related administrative proceedings, including letters of recommendation from some other Corps employees. None of the letters or statements submitted are in the form of an affidavit or declaration.

Gramley, 267 F.3d 575, 579 (7th Cir. 2001); Bordelon v. Chicago School Reform Board of Trustees, 233 F.3d 524, 527 (7th Cir. 2000); Dade v. Sherwin-Williams Co., 128 F.3d 1135, 1140 (7th Cir. 1997)

The present situation is different. Here, the facts are not as simple and this time defendants object to the form of the presentation. Also, this is the second time plaintiff has failed to comply with rules applicable to summary judgment. Further, plaintiff was provided ample time to prepare a sufficient response to summary judgment. Plaintiff was granted five extensions of time, with his answer to the summary judgment motion being filed just over eight months after defendants filed the motion for summary judgment.[2] If plaintiff had simply failed to file a formal Local Rule 56.1(b)(3) response, the court may have chosen to excuse that deficiency and simply consider any argument regarding facts contained in plaintiff's answer brief. See, e.g., Alek v. University of Chicago Hospitals, 2002 WL 1332000 *2 (N.D. Ill. June 17, 2002), aff'd by unpublished order, 54 Fed. Appx. 224, 2002 WL 31834017 (7th Cir. Dec. 16, 2002); Thompson v. Chicago School Reform Board of Trustees, 1999 WL 258488 *2 (N.D. Ill. April 13, 1999). Rule 56, however, does not permit ignoring or excusing that the statements submitted by plaintiff are not admissible to show the truth of the matters

---

[2]Numerous extensions were also provided so that plaintiff had more than ample opportunity to conduct discovery.

asserted therein. See Fed. R. Civ. P. 56(e); Fed. R. Evid. 801; Alek, 2002 WL 1332000 at *2. Because plaintiff has both failed to provide a Local Rule 56.1(b)(3) statement and failed to submit any admissible evidence supporting a genuine factual dispute, the facts contained in defendants' Local Rule 56.1(a)(3) statement will be deemed to be true. See N.D. Ill. Loc. R. 56.1(a).

It is unclear as to exactly which promotions plaintiff challenges. He does not dispute that, in his administrative charge, he originally challenged only the promotion to Lock and Dam Operator[3] that was filled on August 25, 1999. Plaintiff points out that it was the Army's EEO investigator that added prior unsuccessful promotions to the inquiry. Defendants contend that the claim as to any promotion other than the August 1999 promotion was untimely because the decisions as to all the previous promotions occurred more than 45 days prior to plaintiff's initiation of administrative proceedings. Under applicable regulations, a federal employee generally must initiate the EEO process by contacting an EEO counselor within 45 days after the challenged adverse action. See 29 U.S.C. §§ 1614.105(a), 1614.103; Clark v. Runyon, 116 F.3d 275, 276 (7th Cir. 1997). That time limit is subject to equitable tolling, see 29 U.S.C. § 1614.105(a)(2); Johnson v. Runyon, 47 F.3d 911, 917-22 (7th Cir. 1995), but plaintiff does not contend that any

---

[3]The parties do not explain the distinction, but this position apparently would have been a promotion from the Lock and Dam Operator position plaintiff then held.

- 6 -

equitable tolling principle applies to his situation. Defendants have raised, and have argued against, the possibility of a continuing violation. That doctrine is inapplicable to the present situation. To be applicable, plaintiff must show that closely related acts of covert discrimination occurred over a period of time and continued to within the actionable period of time. Speer v. Rand McNally & Co., 123 F.3d 658, 663-64 (7th Cir. 1997). Plaintiff does not dispute that, well before August 1999, he believed that earlier denials of promotions were discriminatory. That makes the continuing violation theory inapplicable. See id. at 664. Also, the continuing violation theory does not apply unless at least one act of discrimination falls within the limitations period. See id. at 663. As is discussed below, the evidence does not support that the August 1999 denial of a promotion was discriminatory. The only promotion that need be directly considered on its merits is the August 1999 promotion.

Lockmaster Robert Balamut decided who to select for the August 1999 promotion. He was also the decisionmaker for the May 1999 Repairer Leader position. He was not the decisionmaker as to any of the other prior promotions. Potentially, evidence that Balamut made a discriminatory decision in May 1999 could be relevant to show Balamut's intent at the time he made the decision on the August 1999 promotion. See Manuel v. City of Chicago, 335 F.3d 592, 596 (7th Cir. 2003); Oest v. Illinois

Department of Corrections, 240 F.3d 605, 613 n.4 (7th Cir. 2001). The evidence as to the May 1999 promotion, however, does not support any genuine factual dispute concerning whether Balamut acted with a discriminatory animus. All that plaintiff can point to is his disagreement with Balamut regarding whether plaintiff or the person who was hired was better qualified.

Plaintiff does not contend that he has direct evidence of discrimination. Instead, he must rely on the indirect method of proof set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and its progeny.

> . . . Under the McDonnell Douglas framework, a prima facie case of employment discrimination creates a rebuttable presumption that the employer's actions, if unexplained, were the result of impermissible factors and shifts the burden of production to the employer to articulate some legitimate, nondiscriminatory reason for its actions. If the employer satisfies that burden, the plaintiff must then show that these articulated reasons are pretextual. Hong v. Children's Mem'l Hosp., 993 F.2d 1257, 1261 (7th Cir. 1993).
> In order to establish a prima facie case in a failure-to-promote context, the plaintiff must show that 1) he belongs to a protected class, 2) he applied for and was qualified for the position sought, 3) he was rejected for that position and 4) the employer granted the promotion to someone outside of the protected group who was not better qualified than the plaintiff. See, e.g., Johnson v. Nordstrom, Inc., 260 F.3d 727, 732 (7th Cir. 2001), cert. denied, 535 U.S. 928 (2002).

Grayson v. City of Chicago, 317 F.3d 745, 748 (7th Cir. 2003).

If defendants articulate legitimate reasons for promoting someone other than plaintiff, plaintiff must show that those

reasons were pretextual. He can do this by showing race was a motivating factor in the defendants' decision or by presenting a material factual dispute as to the sincerity of the proffered reasons. Freeman v. Madison Metropolitan School District, 231 F.3d 374, 379 (7th Cir. 2000); Collier v. Budd Co., 66 F.3d 886, 892 (7th Cir. 1995) (quoting Colosi v. Electri-Flex Co., 965 F.2d 500, 502 (7th Cir. 1992)). As to the latter, it must be shown (a) that the proffered reason had no basis in fact, (b) that the proffered reason did not actually motivate the decision, or (c) that the reason was an insufficient reason to motivate the decision. Holmes v. Potter, 384 F.3d 356, 361 (7th Cir. 2004); Wells v. Unisource Worldwide, Inc., 289 F.3d 1001, 1006 (7th Cir. 2002); Freeman, 231 F.3d at 379; Collier, 66 F.3d at 892 (quoting Cliff v. Board of School Commissioners of City of Indianapolis, Ind., 42 F.3d 403, 412 (7th Cir. 1994)). "The focus of a pretext inquiry is whether the employer's stated reason was honest, not whether it was accurate, wise, or well-considered." Davis v. Con-Way Transportation Central Express, Inc., 368 F.3d 776, 784 (7th Cir. 2004) (quoting Stewart v. Henderson, 207 F.3d 374, 378 (7th Cir. 2000)).

Defendants concede that plaintiff can make out a *prima facie* showing of discrimination as to the August 1999 promotion. Evidence supports that plaintiff is Black, he qualified for the promotion, applied for and was rejected for the position, and that the person hired (Walter Szostak) was White. Plaintiff does

not dispute that Szostak was also qualified for the position. Plaintiff contends that he should have been chosen because he had been continually employed by the Corps without any misconduct, whereas Szostak had to leave his position for a two-year period while in prison and was thereafter rehired. The evidence, however, supports that Balamut was familiar with the work of both employees. He testified that he chose Szostak over plaintiff because Balamut believed Szostak had better technical and mechanical skills, including formal mechanical training regarding automobiles. Balamut also considered Szostak to be a more aggressive worker with self-initiative. Additionally, Balamut was aware that Szostak had no disciplinary infractions whereas plaintiff had disciplinary incidents in May and July 1999. One involved failing to call in when he did not report to work and the other involved wearing gym shoes at the work site instead of the required safety shoes. As to Szostak's prior criminal history, Balamut testified that he did not believe that should be held against Szostak because he had been rehired under a federal program for the rehabilitation of convicted felons. Plaintiff presents no evidence undermining either the sincerity of or factual underpinnings for Balamut's decision. Plaintiff only offers a disagreement with ignoring Szostak's criminal past. Plaintiff has not shown that Balamut's stated grounds for selecting Szostak were a pretext for discrimination.

While this court sympathizes with plaintiff's frustration from being passed over for promotion over a number of years, it must be remembered that a court is not a super personnel board. It must uphold a personnel decision unless it can be shown that the decision is based upon a forbidden basis. An employer is entitled to exercise its own judgment, whether wise or unwise as to promotion decisions, absent discrimination.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment [27-1] is granted. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing plaintiff's cause of action with prejudice. If plaintiff wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within sixty (60) days of the entry of the judgment in this case.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: JANUARY 10, 2005